This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39167

**NEW MEXICO DEPARTMENT
OF GAME AND FISH,**

      Plaintiff-Appellee,

v.

**CODY W. DAVIS,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
James A. Noel, District Judge**

New Mexico Department of Game and Fish
Leif C. Rasmussen, General Counsel
Michael J. Thomas, Deputy General Counsel
Santa Fe, NM

for Appellee

Bowles Law Firm
Jason Bowles
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals the final judgment in this suit for restitution brought by the State Department of Game and Fish (the Department), pursuant to NMSA 1978, Section 17-2-26 (2006). This Court's notice of proposed summary disposition proposed to affirm the judgment of the district court. [CN 9] Defendant has filed a memorandum in opposition to that proposed summary disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**     Although Defendant purports, in this appeal, to be challenging the constitutionality of "all the criminal and civil statutes and regulations that permit the State to pursue both criminal and civil penalties for the same conduct" [MIO 8], we note, as we did in our notice of proposed disposition, that Defendant has not appealed his criminal convictions, and he cannot do so now. We also note that the present appeal does not involve any penalties, civil or otherwise, because the judgment entered below is a judgment for restitution.

**{3}**     As we explained in our notice of proposed summary disposition, "the entire underlying rationale of the present case involved the remedial goal of allowing the Department to be made whole for damages caused by Defendant[.]" [CN 4] Although Defendant's memorandum repeatedly asserts that the damages award in this case was intended as deterrence, retribution, and punishment, those assertions do not alter our conclusion that the purposes underlying Section 17-2-26 are entirely remedial and not punitive. The damages award in this case was not calculated based upon the wrongfulness of Defendant's conduct or the amount of punishment necessary to prevent him from repeating such conduct; instead, the damages were calculated to compensate the Department for the harm it suffered as a result of Defendant's actions.

**{4}**     Despite Defendant's pervasive assertion that the judgment in this case was punitive, his memorandum advances only one argument to justify such a claim.  [MIO 16-22] That argument relies upon New Mexico's long-standing jurisprudence acknowledging that civil forfeiture statutes serve a punitive function. [Id.] In doing so, Defendant points out that our Supreme Court has held the Forfeiture Act, NMSA 1978, §§ 31-27-1 to -11 (2002, as amended through 2019), to be punitive—in part because it is not restitutionary. *See State v. Nunez*, 2000-NMSC-013, ¶ 94, 129 N.M. 63, 2 P.3d 264. In arriving at that conclusion, the Court noted that, while it would be possible for forfeiture proceeds to be "used to provide restitution for victims of the illegal drug trade[,]" the Controlled Substances Act, NMSA 1978, §§ 30-31-1 to -41 (1972, as amended through 2021), actually "makes no provisions for the direct compensation of victims." *Nunez*, 2000-NMSC-013, ¶ 70. By way of contrast, we note that the judgment for restitution at issue in this appeal is payable directly to the Department, who is the injured party in this case, thereby ensuring direct compensation. *See id.* ¶ 88 (noting that nothing in the Forfeiture Act "requires the value of the property to be applied in a remedial fashion to reimbursing the agency's costs in prosecuting the specific crime from which the property was derived").

**{5}**     Further, as *Nunez* points out, "[s]anctions that deter are different from those that remedy." *Id.* ¶ 85. As a result, one common feature of a punitive sanction is that it will amount to "more than recompense or restitution" since a rational actor would be willing to risk penalty if the worst potential outcome "is having to pay market value for their illicit gains." *Id.* (internal quotation marks and citation omitted). Thus, Defendant directs our attention to *Nunez*'s conclusion that where "the sanction greatly exceeds the quantum of harm, then it is punitive." [MIO 19] *Id.* ¶ 89. Again, the civil forfeitures at issue in *Nunez* stand in contrast to the remedial award in the present case since the actual

measure of damages in this case was the precise, "dollar for dollar," quantum of harm to the plaintiff, as proved at trial. *Id.* ¶ 67.

**{6}** Defendant's resorts to Eighth Amendment jurisprudence [MIO 22-30] and due process constraints upon punitive damages [MIO 37-38] are similarly unavailing, and for the same reason: the judgment at issue in this case is restitutionary, and not punitive. [See MIO 23-24 (acknowledging that the phrase "nor excessive fines imposed" relates to payments imposed "as punishment for some offense"); MIO 37 (acknowledging that compensatory damages are those that redress, while punitive damages serve deterrence and retribution)]

**{7}** Defendant also argues that he was entitled to an impartial tribunal, pointing out that a judge with a pecuniary interest in the outcome of litigation should not preside over that litigation.[1] [MIO 32-33] Defendant then asserts that the improper pecuniary interest may reside in the Department, since it "has a clear personal incentive to prosecute more cases, as it profits from this, and in some cases, individual officers also profit from the current statutory scheme." [MIO 37] We note, however, that the damages awarded below resulted in no profit to the Department, since those damages were calculated to compensate the Department for its loss resulting from Defendant's wrongdoing. In any event, Defendant's argument on this point proves too much: If all state actors were precluded from engaging in litigation where the state would financially benefit from a favorable judgment, basically all civil litigation involving the state would be prohibited.

**{8}** Finally, Defendant continues to assert that the district should not have heard evidence regarding expenses incurred by the Department as a result of his actions. [MIO 38-39] Defendant's arguments related to this issue, however, are not sufficiently developed in his memorandum to allow for appellate review. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (observing that we do not review unclear or undeveloped arguments that require us to guess at what party's arguments might be).

**{9}** Our notice of proposed disposition suggested that we understood Defendant "to be complaining that the district court allowed the issue of damages to be tried on a theory Defendant was not expecting," and proposed that the district court properly allowed an amendment of the complaint to include the damages proved at the hearing. [CN 7-8] In his memorandum, Defendant now asserts that he "is not simply contesting the amendment of a civil complaint to seek additional damages proven at trial."[2] [MIO

---

1Defendant does not suggest any facts by which an appearance of judicial bias arose in this case. We therefore pause to note that nothing before this Court suggests the existence of any judicial bias in this case.

2To the extent Defendant argues in his memorandum that he lacked adequate notice and the opportunity to prepare a defense with respect to the Department's request for damages to compensate it for its investigative costs [MIO 6-7, 39-40], Defendant does not state how he preserved this argument and, even assuming that he preserved it, he does not adequately developed his argument in his memorandum. We therefore decline to address this issue on the merits. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent . . . citation to the record [where a ruling

39] Instead, Defendant asserts that the district court exceeded the authority conferred by Section 17-2-26. [MIO 39-40] Although the district court requested supplemental briefing on the Department's theory of damages, Defendant does not assert that he raised any question of statutory construction below, and the briefing in the record does not appear to assert this argument.[3] In any event, the statute authorizes the Department to bring civil actions against persons who unlawfully kill game, and to recover judgments for damages. Section 17-2-26(A). Defendant's memorandum does not explain how the damages at issue in this case exceed that authority.

{10}     Defendant also argues, without citing any specific ruling, that the district court, at some point "maintained that the only damages being pursued by [the Department] were 'restitution' damages, or damages for the loss of the deer," thereby establishing the law of the case at some point prior to the final hearing. [MIO 42] Similarly, Defendant suggests that the portion of the judgment representing investigative costs was somehow not supported by substantial evidence, although without explaining how the testimony on that topic was insufficient. [Compare MIO 44-45 with MIO 7 (acknowledging testimony)] *See State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (noting the testimony of a single witness can be sufficient); *Headley*, 2005-NMCA-045, ¶ 15 (declining to address unclear arguments).

{11}     Ultimately, we conclude that Defendant has not met his burden on appeal to clearly point out error in the rationale proposed in our dispositional notice. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that the party claiming error bears the burden of showing such error); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (holding that "in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law"). We therefore affirm the judgment entered below.

{12}    IT IS SO ORDERED.

JENNIFER L. ATTREP, Judge

WE CONCUR:

JACQUELINE R. MEDINA, Judge

ZACHARY A. IVES, Judge

---

was invoked by the court] or any obvious preservation, we will not consider the issue."); *see also Headley*, 2005-NMCA-045, ¶ 15.

3Indeed, Defendant's supplemental briefing took the contradictory position that the statute, by its plain language, allows the Department to bring suit for "unlimited civil restitution" without providing constitutional safeguards, and therefore is unconstitutional. [RP 51-52]